## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| | : | |
| v. | : | Mag. No. 26-10105 |
| | : | |
| MARIAN CHARITUN | : | **CRIMINAL COMPLAINT** |

I, Craig T. Ulicni, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with Homeland Security Investigations, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached page and made a part hereof.

/s/ Craig T. Ulicni
Craig T. Ulicni
Special Agent
Homeland Security Investigations

Sworn to and subscribed
this 30th day of June, 2026

NEWARK, NEW JERSEY
County and State

HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

/s/ Michael A. Hammer
Signature of Judicial Officer

## ATTACHMENT A

### COUNT 1
**(Voting by an Alien in a Federal Election)**

On or about November 8, 2022, in Middlesex County, in the District of New Jersey and elsewhere, defendant

**MARIAN CHARITUN**,

an alien, knowing that he was not a United States citizen, voted in an election held solely or in part for the purpose of electing a candidate for the office of the President, Vice President, Presidential elector, Member of the Senate or Member of the House of Representatives.

In violation of Title 18, United States Code, Section 611.

1

## COUNT 2
### (Procurement of Citizenship or Naturalization Unlawfully)

On or about October 31, 2024, in Middlesex County, in the District of New Jersey and elsewhere, defendant

## MARIAN CHARITUN

knowingly procured and attempted to procure, contrary to law, the naturalization of a person, namely, himself, by way of false statements, in that he knowingly made materially false statements in an Application for Naturalization (Form N-400) signed under penalty of perjury on or about October 31, 2024, wherein defendant falsely represented that he had never voted in any Federal, state or local election in the United States.

In violation of Title 18, United States Code, Section 1425(a).

## ATTACHMENT B

I, Craig T. Ulicni, a Special Agent with Homeland Security Investigations, having personally participated in an investigation of the conduct of defendant MARIAN CHARITUN ("CHARITUN"), and having spoken with other law enforcement officers and individuals, have knowledge of the following facts. Because this Complaint is submitted for the limited purpose of establishing probable cause, I have not included all facts known to me concerning this investigation. The contents of documents and the actions, statements, and conversations of individuals referenced below are provided in substance and in part, unless otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. At all times relevant to this Complaint:

   a. A United States citizen was a native of the United States; a person naturalized in the United States; or a person who derived U.S. citizenship (from one or both parents); and who owed allegiance to the United States and was entitled to its full rights, privileges, and protection.

   b. An alien was any person not a citizen or national of the United States. This included immigrants (e.g. lawful permanent residents) and non-immigrants (e.g. individuals who were admitted to the United States for a temporary duration, such as a student, a visitor or a temporary worker).

   c. A lawful permanent resident ("LPR") was an alien who had been conferred permanent resident status in the United States (colloquially known as a "Green Card" holder). An Alien Registration Receipt Card (also known as a "Green Card") was issued to lawful permanent residents as evidence of their status. Upon meeting the statutory prerequisites for naturalization, an LPR could apply to become a naturalized United States citizen.

   d. In order to register to vote in the State of New Jersey, an applicant was required to certify and attest that they met certain eligibility requirements, including the requirement that he/she was a United States Citizen at the time that he/she registered to vote.

e.    Upon successfully registering to vote in New Jersey, an applicant was authorized to vote in New Jersey State and local elections, as well as in federal elections.

f.    CHARITUN was a Lawful Permanent Resident living in Middlesex County, New Jersey, having entered the United States under a B2 visa in or around November of 1995 after emigrating from Slovakia.

2.    In or around October 2018, CHARITUN registered to vote in New Jersey. In doing so, CHARITUN certified and attested that he was a United States citizen.

3.    Based on the information that CHARITUN provided in his application, including his false statement that he was a United States citizen, CHARITUN's application to register to vote was accepted, and he was successfully registered to vote in the State of New Jersey.

4.    After he was successfully registered to vote, CHARITUN voted via a mail-in ballot in the general election held on or about November 8, 2022. The 2022 general election included the election for a Member of the House of Representatives.

5.    On or about October 31, 2024, CHARITUN submitted an Application for Naturalization ("N-400") to the U.S. Citizenship and Immigration Services ("USCIS"). An N-400 is a United States government form that is submitted by LPRs to apply to become U.S. citizens through the naturalization process. The N-400 consists of a detailed questionnaire that requires the applicant to provide personal information, including but not limited to, biographical information, marital history, criminal records, and information concerning whether the applicant has ever registered to vote and/or voted in any federal, state, or local election. The questions on the N-400 are designed to allow USCIS to determine whether applicants meet requirements like good moral character, English proficiency, and knowledge of U.S. history/government, before they are approved for United States citizenship. If it is determined that an applicant has voted in a federal election his/her application for citizenship will be denied.

6.    As part of that application, the N-400 further requires applicants to certify under penalty of perjury under the laws of the United States that the information they report in the N-400 is complete, true, and correct. CHARITUN signed the certification on or about October 31, 2024.

7.    In the N-400 application that CHARITUN submitted, CHARITUN checked the "No" box in response to the question "[h]ave you EVER registered to vote or voted in any Federal, state, or local election in the United States?"

8.     After the N-400 is submitted by the applicant, he/she is scheduled for an interview with an official from USCIS (an "Immigration Services Officer"). At the time that an applicant is interviewed by an Immigration Services Officer, the Applicant is placed under oath. Thereafter, the Immigration Services Officer goes over with the applicant the answers that the applicant provided in the N-400 that the applicant filled out and submitted to USCIS. At the end of the interview, the Immigration Services Officer determines whether to: (i) approve the applicant's request to become a citizen; (ii) deny the request for citizenship; or (iii) request that the applicant provide additional information and come in for a subsequent interview. If the Immigration Services Officer approves an applicant's Form N-400, the applicant is scheduled to take the Oath of Allegiance at a naturalization ceremony.

9.     On or about April 9, 2025, CHARITUN was interviewed by an Immigration Services Officer regarding his application for naturalization and the answers which he had provided on the N-400 form that he had previously submitted to USCIS. At the start of the interview CHARITUN was placed under oath. When he was thereafter questioned, he admitted that he had voted in the past.