UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

Plaintiff,

- against -

MARIAN CHARITUN,

Defendant.
-----------------------------------------------------------X

Case No.: 2:26-mj-10105-ADS-1

**Honorable Alex D. Silagi, U.S.M.J.**

**Motion Date: 12/7/2026**

# Defendant's Memorandum of Law in Support of Motion to Dismiss Count 1 of the Criminal Complaint

Darius A. Marzec, Esq.
Jerome Noll, Esq.
**Marzec Law Firm, P.C.**
57 West 57th Street, Suite 809
New York, NY 10019
(212) 267-0200

## Table of Contents


**Table of Authorities..........................................................................................ii**

**INTRODUCTION..........................................................................................1**

**FACTS AND PROCEDURAL BACKGROUND........................................................1**

**I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF FORMER SOLICITOR GENERAL PAUL D. CLEMENT'S *AMICUS CURIA* MEMORANDUM OF COURT FINDING THAT 18 U.S.C. § 611 IS LIKELY UNCONSTITUTIONAL..............................1**

**II. 18 U.S.C. § 611 EXCEEDS ARTICLE I'S ENUMERATED POWERS BECAUSE CONGRESS IS NOT AUTHORIZED TO ESTABLISH VOTER ELIGIBILITY..........3**

**A. The Voter Qualification Clauses, Suffrage Amendments and Election Clause of the U.S. Constitution do not authorize Congress to establish voter qualifications..........................................................................3**

**CONCLUSION..........................................................................................7**

## Table of Authorities

### Cases

Arizona v. Inter-Tribal Council of Arizona, Inc., 570 U.S. 1 (2013)....................4, 6, 7

Bond v. United States, 572 U.S. 844 (2014)....................3

City of Boerne v. Flores, 521 U.S. 507 (1997)....................5, 6

Gamble v. United States, 587 U.S. 678 (2019)....................3

Harper v. Virginia State Bd. of Elections, 383 U.S. 663 (1966)....................5

Katzenbach v. Morgan, 384 U.S. 641 (1966)....................5

Oregon v. Mitchell, 400 U.S. 112 (1970)....................7

San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973)....................4

South Carolina v. Katzenbach, 383 U.S. 301 (1966)....................5

United States v. Classic, 313 U.S. 299 (1941)....................4

United States v. Cox, Case No. 0:25-cr-60249-LEIBOWITZ....................1

United States v. Fox, 95 U.S. 670 (1878)....................3

United States v. Salerno, 481 U.S. 739 (1987)....................2

### U.S. Constitution and Statutes

U.S. Const. art. I, § 2, cl. 1....................4

U.S. Const. art. I, § 4, cl. 1....................4

U.S. Const. amend. XIV....................4

U.S. Const. amend. XV....................4

U.S. Const. amend. XVII....................4

U.S. Const. amend. XIX....................4

U.S. Const. amend. XXIV....................4

U.S. Const. amend. XXV....................4

18 U.S.C. § 611....................1

## INTRODUCTION

MARIAN CHARITUN ("Defendant"), by and through undersigned counsel, and moves to dismiss Count 1 of the Criminal Complaint filed by the United States of America (hereinafter, "the Government"). On June 30, 2026, the Government filed a Criminal Complaint (ECF #1) containing two counts. The instant motion seeks to dismiss Count 1 (Voting by an Alien in a Federal Election) alleging a violation of Title 18, United States Code, Section 611. Defendant is charged with violating 18 U.S.C. § 611 by unlawfully voting in a federal election as a noncitizen. The State of New Jersey (and other States) alone can establish the qualifications of electors for federal elections; Congress can regulate only the time, place, and manner of elections. Section 611 is facially unconstitutional and unconstitutional as-applied to Defendant because regulating voter qualifications exceeds Congress's Article I's enumerated powers and goes far beyond the scope of time, place, and manner of election regulations. In fact, there is no enumerated power in the Constitution or its Amendments allowing Congress to establish voter qualifications.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Government alleges that on or about November 8, 2022, in Middlesex County, New Jersey, Defendant voted in the federal midterm general election for a Member of the House of Representatives. See ECF #1. The Government further alleges that Ms. Cox was not a U.S. citizen when she voted. Count 1 of the Criminal Complaint charged Defendant with unlawfully voting in violation of 18 U.S.C. § 611.

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF FORMER SOLICITOR GENERAL PAUL D. CLEMENT'S *AMICUS CURIA* MEMORANDUM OF COURT FINDING THAT 18 U.S.C. § 611 IS LIKELY UNCONSTITUTIONAL

In a recent criminal case in the Southern District of Florida, United States v. Chelsea Michelle Ann Cox, Case No. 0:25-cr-60249-LEIBOWITZ, the Government similarly accused a

non-citizen defendant of knowingly voting in a federal election in Broward County on October 29, 2020. The Government charged defendant Cox in a one-count Information for a misdemeanor violation of 18 U.S.C. § 611.

The court in Cox ordered supplemental briefing from the parties and appointed *amicus curiae* to address the single issue of law that is also presented by the instant Motion, "Did Congress have the constitutional authority to enact Title 18, United States Code, Section 611, the statute the Defendant is charged with violating?" The court appointed former Solicitor General Paul D. Clement as *amicus curiae* to address "the constitutional authority of Congress to enact 18 U.S.C. § 611." On July 23, 2026, Attorney Clement filed his brief, which concluded that § 611 is indeed a voter qualification and is "likely unconstitutional." A true copy of the Memorandum of Court-Appointed *Amicus Curia* by Paul D. Clement, dated July 22, 2026, is annexed to the Declaration of Darius A. Marzec, Esq. in Support ("Marzec Decl.") as **Exhibit A.**

Thus, the court in Cox dismissed as unconstitutional the Government's one-count Information for a misdemeanor violation of 18 U.S.C. § 611. A true copy of the Memorandum Opinion and Order by the Honorable David S. Leibowitz, U.S.D.J., dated October 1, 2026, is annexed to the Marzec Decl. as **Exhibit B.**

Defendant's facial challenges to 18 U.S.C. § 611 requires the movant to "establish that no set of circumstances exists under which the Act would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987). The Court should note that Attorney Clement concluded that 18 U.S.C. § 611 is facially unconstitutional as applied "to noncitizens in the States." **Exhibit A** at 43. Attorney Clement stated, however, there is perhaps one conceivable scenario where § 611 is constitutional: "federal elections in the District of Columbia where there is no applicable state law setting voter qualifications." **Exhibit A** at 38. As Attorney Clement observed, "[t]here is no apparent reason

that Congress' plenary authority over the District would not allow Congress to prohibit alien voting, see U.S. Const. art. I, §8, cl. 17, and nothing in the constitutional provisions authorizing states to set voter qualifications would apply to the District." Id.

Here, Defendant has been criminally charged with the identical violation of 18 U.S.C. § 611. Accordingly, this Court should also find that § 611 is facially unconstitutional and unconstitutional as-applied based on the Criminal Complaint's uncontested fact that Defendant is alleged to have voted on or about November 8, 2022 in the State of New Jersey, Middlesex County (rather than in the District of Columbia).

## III. 18 U.S.C. § 611 EXCEEDS ARTICLE I'S ENUMERATED POWERS BECAUSE CONGRESS IS NOT AUTHORIZED TO ESTABLISH VOTER ELIGIBILITY

Congress's criminal laws must be grounded in an enumerated power granted by Article I of the U.S. Constitution. "In our federal system, the National Government possesses only limited powers; the States and the people retain the remainder." Bond v. United States, 572 U.S. 844, 854 (2014). Congress lacks the "broad authority to enact legislation for the public good" and "can exercise only the powers granted to it." Id. (citation omitted). Pursuant to U.S. Const., art. I, § 8, cl. 18, Congress can enact only those laws "necessary and proper for carrying into Execution" its enumerated powers and a crime committed within a State "cannot be made an offence against the United States, unless it [has] some relation to the execution of a power of Congress," Id. (quoting United States v. Fox, 95 U.S. 670, 672 (1878)). There is no enumerated power in the Constitution or its Amendments that allows Congress to establish voter qualifications. That power was retained by the States when the Founders "split the atom of sovereignty." Gamble v. United States, 587 U.S. 678, 688 (2019) (citation and quotation omitted).

**A. The Voter Qualification Clauses, Suffrage Amendments and Election Clause of the U.S. Constitution do not authorize Congress to establish voter qualifications.**

The U.S. Constitution does not grant an affirmative right to vote. See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35 n.78 (1973) ("[T]he right to vote, per se, is not a constitutionally protected right."). First, the Voter Qualification Clauses establish that a person eligible to vote in state legislative elections is eligible to vote in federal elections. U.S. Const. art. I, § 2, cl. 1 and U.S. Const. amend. XVII. These clauses, however, do not authorize Congress to dictate voter qualification to the States, but expressly and unequivocally reserve that power to the States. Specifically, Article I provides that in elections for the U.S. House of Representatives, "the Electors in each State shall have the Qualifications requisite for Electors of the most numerous Branch of the State Legislature." U.S. Const. art. I, § 2, cl. 1. The Seventeenth Amendment later applied the same requirement to U.S. Senate elections. U.S. Const. amend. XVII. These constitutional provisions provide a limited right to vote: a person eligible to participate in a state legislative election must also be allowed to participate in that state's federal elections. See United States v. Classic, 313 U.S. 299, 314-15, 325 (1941) (holding that under Article I's Voter Qualification Clause, qualified voters have a constitutional right to have their votes counted in federal primary elections for the U.S. House). By tying federal suffrage to state suffrage, the Framers provided who could vote in federal elections without dictating voter qualifications to the States. As such, the Voter Qualification Clauses grant States the exclusive power to determine voter qualifications. See Arizona v. Inter-Tribal Council of Arizona, Inc., 570 U.S. 1, 17 (2013) (the Voter Qualification Clauses "explicitly" regulate voter qualifications to the States that Congress "cannot control") (citation and quotation omitted).

Second, the Suffrage Amendments, found at U.S. Const. amend. XIV, § 1, amend. XV, amend. XIX, amend. XXIV, and amend. XXVI, prohibit the States from denying the right to vote

on the basis of race, sex, a poll tax, or age. These provisions limit the power of the States to establish voter qualifications, but they do not grant Congress an affirmative power to establish its own qualifications outside of specific amendments prohibiting States from disqualifying voters on certain enumerated and impermissible grounds. The Fourteenth Amendment prohibits States from denying to any person "the equal protection of the laws," U.S. Const. amend. XIV, § 1 and bars States from imposing qualifications that "invidiously discriminate," Harper v. Virginia State Bd. of Elections, 383 U.S. 663, 666 (1966). Likewise, the Fifteenth Amendment ("race, color, or previous condition of servitude"), the Nineteenth Amendment (sex), the Twenty-Fourth Amendment ("failure to pay any poll tax or other tax"), and the Twenty-Sixth Amendment (voter age) all prohibit the States from restricting voter qualifications on these grounds.

These amendments each contain an Enforcement Clause, permitting Congress to enforce them through legislation. The Enforcement Clauses are limited to enforcement through "remedial" action rather than permitting substantive change to the law. See South Carolina v. Katzenbach, 383 U.S. 301, 326 (1966) ("Congress has full remedial powers to effectuate [a] constitutional prohibition[.]"; City of Boerne v. Flores, 521 U.S. 507, 520 (1997) (the original proposed Enforcement Clause "gave Congress too much legislative power at the expense of the existing constitutional structure," resulting in Congress adopting a more limited-scope provision). Thus, Congress's power under the Enforcement Clauses "is limited to adopting measures to enforce the guarantees of the [respective] Amendment," and grants "no power to restrict, abrogate, or dilute these [constitutional] guarantees." Katzenbach v. Morgan, 384 U.S. 641, 651 n.10 (1966).

As such, the Suffrage Amendments do not give Congress the authority to bar a noncitizen from voting. Various post-Civil War amendments authorize Congress to pass laws limiting the

States' ability to restrict the franchise for discriminatory reasons, yet these statutes do not independently authorize Congress to set or establish voter qualifications. Nor can it be said that § 611 is authorized by the Enforcement Clauses in any of these amendments; Congress unilaterally prohibiting noncitizens from voting has nothing to do with ensuring that the States do not impermissibly disenfranchise people on the basis of race, sex, the inability to pay a poll tax, or age. See Flores, 521 U.S. at 520 (Congress's power to legislate pursuant to the Fourteenth Amendment's Enforcement Clause must be congruent to the constitutional injury to be remedied).

Finally, the Elections Clause authorizes Congress to regulate the time, place, and manner of elections, or when, where, and how voting can occur. U.S. Const. art. I, § 4, cl. 1. The Election Clause, however, does not allow Congress to dictate who can vote. The Supreme Court has spoken clearly on this point: "nothing" in the Constitution "lends itself to the view that voting qualifications in federal elections are to be set by Congress," or that setting voter qualifications is otherwise a "power to be conferred upon the national government." Arizona v. Inter-Tribal Council of Arizona, Inc., 570 U.S. 1, 17 (2013) (internal citation and quotation omitted). The plain text of the clause, the Supreme Court's precedent construing it, and the structure of the Constitution all point to the same conclusion: the Elections Clause does not authorize Congress to establish voter qualifications.

By its plain terms, the Election Clause allows Congress to make or alter regulations about the "times" of elections (when they will be held); the "places" of elections (where they will be held); and the "manner" of elections (how they will be held). The ordinary meaning of those clear and straightforward terms grants Congress the power to regulate how elections are conducted, without granting Congress the substantive power to decide who can vote. "[T]he Elections Clause

empowers Congress to regulate how federal elections are held, but not who may vote in them." Arizona v. Inter-Tribal Council of Arizona, Inc., 570 U.S. 1, 16 (2013). Given the unambiguous text of the time-place-and-manner regulation, the "Constitution prescribes a straightforward rule for the composition of the federal electorate," Inter Tribal Council, 570 U.S. at 16. "One cannot read the Elections Clause as treating implicitly what these other constitutional provisions regulate explicitly." Id. at 16; See Oregon v. Mitchell, 400 U.S. 112, 210 (1970) ("It is difficult to see how words could be clearer in stating what Congress can control and what it cannot control. Surely nothing in these provisions lends itself to the view that voting qualifications in federal elections are to be set by Congress.") (Harlan, J., concurring in part and dissenting in part); Id. at 288.

The express terms of the Voter Qualification Clauses in Article I and the Seventeenth Amendment grant Congress the authority to regulate only the when, where, and how of voting, but does not authorize Section 611's restriction on who can vote. Accordingly, Section 611 exceeds Congress's authority and intrudes on a power reserved to the States because no enumerated power in the Constitution grants Congress the authority to set voting qualifications.

## CONCLUSION

Based upon the foregoing, along with the *amicus curia* memorandum of Paul D. Clement, the former Solicitor General of the United States, and the Opinion and Order of the District Court for the Southern District of Florida in United States v. Cox, Defendant respectfully requests that the Court find 18 U.S.C. § 611 facially unconstitutional and unconstitutional as-applied to Defendant based on the Criminal Complaint's uncontested fact that Defendant is alleged to have voted on or about November 8, 2022 in the State of New Jersey, Middlesex County (rather than in the District of Columbia). Accordingly, Count 1 of the Criminal Complaint should be dismissed in its entirety.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Darius A. Marzec*

Darius A. Marzec, Esq.
MARZEC LAW FIRM, P.C.
Attorneys for Defendant
57 West 57th Street, Suite 809
New York, NY 10019
(212) 267-0200
dmarzec@marzeclaw.com